1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ALVON SHONEER SURRELL, SR.,

Plaintiff,

v.

STATE OF NEVADA, *et al.*,

Defendants.

3:17-cv-00482-MMD-VPC

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge.  This action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.  Before the court is Alvon Shoneer Surrell's ("plaintiff") application to proceed *in forma pauperis* (ECF No. 1) and *pro se* complaint (ECF No. 1-1).  Having reviewed all documents, the court recommends that the application to proceed *in forma pauperis* be granted, and that this action be dismissed as detailed herein.

## I.    *IN FORMA PAUPERIS* APPLICATION

Based on the financial information provided in his application to proceed *in forma pauperis*, plaintiff is unable to pay the filing fee in this matter.  (*See* ECF No. 1.)  The court therefore recommends that the application be granted.

## II.    LEGAL STANDARD

Inmate civil rights complaints are governed by 28 U.S.C. § 1915A.  Section 1915A provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).  A complaint is frivolous when "it lacks an arguable basis in either law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on

1  fanciful factual allegations (e.g., delusional scenarios).  *Id.* at 327–28; *see also McKeever v.*

2  *Block*, 932 F.2d 795, 798 (9th Cir. 1991).  Dismissal for failure to state a claim under § 1915A

3  incorporates the same standard applied in the context of a motion to dismiss under Federal Rule

4  of Civil Procedure 12(b)(6), *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012), which

5  requires dismissal where the complaint fails to "state a claim for relief that is plausible on its

6  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

7          The complaint is construed in a light most favorable to the plaintiff.  *Chubb Custom Ins.*

8  *Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013).  The court must accept as true

9  all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations

10  state a plausible claim for relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  The complaint

11  need not contain detailed factual allegations, but must offer more than "a formulaic recitation of

12  the elements of a cause of action" and "raise a right to relief above a speculative level."

13  *Twombly*, 550 U.S. at 555.  Particular care is taken in reviewing the pleadings of a *pro se* party,

14  for a more forgiving standard applies to litigants not represented by counsel.  *Hebbe v. Pliler*, 627

15  F.3d 338, 342 (9th Cir. 2010).  Still, a liberal construction may not be used to supply an essential

16  element of the claim not initially pled.  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).  If

17  dismissal is appropriate, a *pro se* plaintiff should be given leave to amend the complaint and

18  notice of its deficiencies, unless it is clear that those deficiencies cannot be cured.  *Cato v. United*

19  *States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

20                          **III.    DISCUSSION**

21          Plaintiff is an inmate previously in the custody of the Nevada Department of Corrections.[1]

22  (ECF No. 1-1 at 1.)  Proceeding *pro se* and pursuant to 42 U.S.C. § 1983, plaintiff brings civil

23  rights claims against the State of Nevada, the Nevada Attorney General, Washoe County, Nevada,

24  ("Washoe County"), the Washoe County District Attorney, Washoe County Public Defender

25  Jessica Longley ("Longley"), and John Doe. (ECF No. 1-1 at 1–2.)  Plaintiff's claims concern his

26  state criminal proceedings and his pre-trial detention.  (*Id.* at 4.)  He is the subject of case number

27

28  [1] On February 20, 2018, plaintiff filed a notice of change of address from Northern Nevada Correctional Center to Sacramento County Jail.  (ECF No. 5.)

2

1  CR16-1240[2] and case number CR16-1245[3] before the Second Judicial District Court of the State

2  of Nevada.  (*Id.* at 4.)

3  　　In Count I, plaintiff claims that Longley conspired with the prosecuting district attorney to

4  illegally convict plaintiff, though it is unclear which criminal proceeding this claim concerns.  (*Id.*

5  at 5.)  According to plaintiff, the conspiracy began when Longley coerced plaintiff to agree to the

6  prosecution's request for a two-week continuance of plaintiff's evidentiary hearing.  (*Id.*)  Next,

7  Longley utilized the pretense of "informed professional judgment" to induce plaintiff to waive his

8  right to appear at his evidentiary hearing, which allowed the state to produce fraudulent evidence

9  without challenge.  (*Id.*)  Finally, Longley entered a local election and openly elicited campaign

10 support from the opposing party in plaintiff's criminal proceedings.  (*Id.* at 6.)  Ultimately,

11 Longley's political activity and conduct with the prosecution created a conflict of interests that

12 tainted Longley's representation of plaintiff.  (*Id.*)  Plaintiff asserts violations of his rights under

13 the First, Fourth, Fifth, Sixth, and Eighth Amendments, and seeks to hold the State of Nevada, the

14 Attorney General, and Washoe County liable for failing to intervene.  (*Id.*)

15 　　As in Count I, Count II concerns Longley's representation of plaintiff in his state criminal

16 proceedings.  (*Id.* at 7.)  Specifically, plaintiff alleges that five minutes before a scheduled court

17 appearance to confirm his court date, Longley advised plaintiff that she would seek to "vacate

18 trial and abandon his defense due to her recent campaign success the previous weekend."  (*Id.*)

19 Plaintiff objected to delaying his trial date on such short notice and for what he deemed "frivolous

20 reasons," and Longley retaliated against plaintiff by threatening to be out of town on the day of

21 his sentencing.  (*Id.*)  As further retaliation, Longley called "for a surprise *Young* hearing, void of

22 prior notice to plaintiff, in a strategic effort to delay proceedings."  (*Id.*)  Plaintiff claims that

23 Longley engaged in these dilatory and retaliatory tactics because she failed to prepare a defense

24 for plaintiff's trial due to her preoccupation with her political campaign.  (*Id.*)  Plaintiff asserts

25

26

27

28

---

[2]  The court takes judicial notice of case information provided by the Second Judicial District Court website.  *See* https://www.washoecourts.com/Query/CaseInformation/CR16-1240 (last accessed March 12, 2018)

[3]  *See* https://www.washoecourts.com/Query/CaseInformation/CR16-1245 (last accessed March 12, 2018)

1    violations of his Sixth Amendment trial rights and his Fourteenth Amendment right to be free

2    from retaliation. (*Id.*)

3         In Count III, plaintiff alleges that John Doe, a Washoe County Sheriff Deputy, searched

4    his cell during the course of his pre-trial detention and unlawfully seized a completed draft of

5    plaintiff's federal civil rights complaint. (*Id.* at 8.) Because John Doe did not have a search

6    warrant nor was in the course of an official investigation, plaintiff claims that the search of his

7    cell and seizure of his draft complaint amounts to a violation of the Fourth Amendment. (*Id.*)

8    Further, plaintiff claims John Doe confiscated plaintiff's draft complaints in retaliation for

9    plaintiff's attempt to bring suit against Nevada officials, and in doing so, interfered with his

10   constitutional right of access to the courts. (*Id.*)

11        Plaintiff seeks ten million dollars in damages. (*Id.* at 9.) He also requests that the court

12   issue an injunction requiring that the State Bar of Nevada disbar Longley. (*Id.*) Finally, he

13   requests a separate injunction requiring "two hundred million dollars … budgetted [sic] to be paid

14   out over four years to increase salaries, and hire one hundred additional public defenders

15   throughout the State of Nevada," with forty to be appointed in Washoe County. (*Id.*) The court

16   now turns to plaintiff's claims: (1) plaintiff's claims against the State of Nevada; (2) his claims

17   against Douglas County, Governor Sandoval, John Doe #1, and John Doe #2; and, (3) his claims

18   against the district attorney.

19   **A. The State of Nevada Is Not Amenable to Suit.**

20        Section 1983 "provides a federal cause of action against any *person* who, acting under

21   color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290

22   (1999) (emphasis added). A state is not a person for purpose of section 1983. *Will v. Mich Dep't*

23   *of State Police*, 491 U.S. 58, 70 (1989). Thus, the court recommends that plaintiff's claim against

24   the State of Nevada be dismissed because "it lacks an arguable basis in either law or fact."

25   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court recommends that dismissal be with

26   prejudice because plaintiff can make no factual or legal amendments that would expose the State

27   of Nevada to liability under section 1983. *Cato*, 70 F.3d at 1107. Plaintiff's claim for damages

28   against the Nevada Attorney General in his official capacity should also be dismissed with

4

1  prejudice because it is equivalent to a suit against the State of Nevada itself. *Holley v. Cal. Dep't*

2  *of Corr.*, 599 F.3d 1108, 1111 (9th Cir. 2010); *see Sofamor Danek Group, Inc., v. Brown*, 124

3  F.3d 1179, 1183 (9th Cir. 1997) (state officer amenable to claim for prospective injunctive or

4  declaratory relief only if officer had some connection with the alleged constitutional violation,

5  and not just mere representative of the state).

6  **B.  Plaintiff Fails to State a Claim Against Washoe County**

7  While a county is a person within the scope of section 1983, *Jackson v. Barnes*, 749 F.3d

8  755, 764 (9th Cir. 2015), it may not be held liable under a theory of respondeat superior. *Bd. of*

9  *Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (liability must rest on the actions of the

10 county, and not on the actions of its employees).  Rather, a plaintiff must demonstrate that a

11 policy or custom of the county produced the alleged constitutional deprivation.  *Id.*  Here,

12 plaintiff seeks to impose liability upon Washoe County for knowing of Longley's

13 unconstitutional actions and failing "to prevent or stop it."  (ECF No. 1-1 at 6.)  Because this

14 allegation fails to identify a constitutionally deficient custom or policy, the court recommends

15 that this claim be dismissed without prejudice.

16 **C.  Plaintiff's Count I and Count II claims Are *Heck* Barred.**

17 Section 1983 is not a backdoor through which a federal court may overturn a state court

18 conviction or award relief related to the fact or duration of a sentence.  Section 1983 and "the

19 federal habeas corpus statute . . . both provide access to the federal courts 'for claims of

20 unconstitutional treatment at the hands of state officials, . . . [but] they differ in their scope and

21 operation.'"  *Ramirez v. Galaza*, 334 F.3d 850, 854 (9th Cir. 2003) (quoting *Heck v. Humphrey*,

22 512 U.S. 477, 48 (1994)).  When a prisoner challenges the legality or duration of his custody,

23 raises a constitutional challenge which could entitle him to an earlier release, or seeks damages

24 for purported deficiencies in his state court criminal case, which effected a conviction or lengthier

25 sentence, his sole federal remedy is a writ of *habeas corpus*.  *Edwards v. Balisok*, 520 U.S. 641,

26 648 (1997); *Heck*, 512 U.S. at 481.

27 Plaintiff's Count I and Count II claims are based entirely on Longley's alleged misconduct

28 as plaintiff's attorney in his criminal cases.  He claims that Longley coerced him to waive many

1    of his constitutional trial rights in order to accommodate her political candidacy.  (*See* ECF No.

2    1–1 at 5–6.)    Additionally, plaintiff claims that Longley conspired with the prosecuting district

3    attorney to "wrongfully convict the plaintiff."  (ECF No. 1-1 at 7; *see* ECF No. 1–1 at 5–6.)  Were

4    this court to rule in plaintiff's favor, the validity of plaintiff's conviction would be called into

5    question under the Sixth Amendment.  *See Heck*, 512 U.S. at 483-87.  Thus, even assuming that

6    plaintiff states cognizable constitutional claims in Count I and II, *Heck* requires that he first

7    demonstrate that his conviction has been overturned in order to proceed.  As he has not done so,

8    his sole federal relief at this juncture is a *habeas corpus* action.  *Edwards*, 520 U.S. at 648 (*Heck*

9    requires prisoners challenging state criminal proceedings through a section 1983 action to first

10   establish that the underlying sentence or conviction has been invalidated on appeal, by a habeas

11   petition, or through some similar proceeding).

12        The court notes that the complaint references two underlying state criminal cases before

13   the Second Judicial District Court of State of Nevada — case numbers CR16-1240 and CR16-

14   1245.  Judicial notice of the respective dockets reveals that case number CR16-1240 is still

15   pending trial[4], while case number CR16-1245 has been disposed and plaintiff has been

16   sentenced.[5]  It is unclear which of these two criminal proceedings relates to plaintiff's Count I and

17   Count II claims, or whether his claims arise from both proceedings.  To the extent that plaintiff's

18   claims are based upon a pending case, *Heck* does not squarely apply because no conviction or

19   sentence has been effected; however, the court must abstain from reviewing plaintiff's claim

20   during the pendency of the underlying criminal proceeding.  *Sprint Communications, Inc. v.*

21   *Jacobs*, 571 U.S. 69 (2013) ("When there is a parallel, pending state criminal proceeding, federal

22   courts must refrain from enjoining the state prosecution.") (discussing *Younger v. Harris*, 401

23   U.S. 37, 43–54 (1971)); *Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004) ("[F]ederal

24   court action that would enjoin the proceeding, or have the practical effect of doing so, would

25   interfere in a way that Younger disapproves.").  Should plaintiff be convicted in the pending case,

26   the *Heck* doctrine would then apply.  *Edwards*, 520 U.S. at 648.

27   

28   [4] *See* https://www.washoecourts.com/Query/CaseInformation/CR16-1240 (last accessed March 12, 2018)
     [5] *See* https://www.washoecourts.com/Query/CaseInformation/CR16-1245 (last accessed March 12, 2018)

**D.  Count III**

Unlike Count I and II, Count III does not concern plaintiff's state criminal cases.  Instead, plaintiff alleges that John Doe, a Washoe County Sheriff Deputy, searched plaintiff's pre-trial holding cell and seized a draft of a federal complaint that plaintiff had stored in his cell.  (ECF No. 1-1 at 8.)  Embedded in plaintiff's factual assertions are three distinct legal claims: 1) John Doe violated the Fourth Amendment's prohibition of unreasonable search and seizure; 2) John Doe engaged in retaliation in violation of the First Amendment; and, 3) John Doe interfered with plaintiff's constitutional right of access to the courts.  (*Id.*)  The court considers each claim in turn.

    i.    *Fourth Amendment*

Prisoners have no Fourth Amendment right of privacy in their cells.  *Seaton v. Mayberg*, 610 F.3d 530, 534 (9th Cir. 2010) (recognizing a right of privacy in traditional Fourth Amendment terms is fundamentally incompatible with the continual surveillance of inmates and their cells required to ensure security and internal order); *see Block v. Rutherford*, 468 U.S. 576 (1984) (random cell searches did not violate constitutional rights of pre-trial detainees).  Since prisoners do not have legitimate privacy interests in their cells, seizures of property found within the cell do not offend the Fourth Amendment.  *Hudson v. Palmer*, 468 U.S. 517, 533-34 (1984) (destruction of plaintiff's personal property during random cell search did not violate Fourth Amendment).  Thus, plaintiff's claim against John Doe is not cognizable under the Fourth Amendment as a matter of law.  It is clear that plaintiff is unable to provide additional facts entitling him to relief on this claim.  The court recommends that his claim be dismissal with prejudice.  *Cato*, 70 F.3d. at 1107.

Dismissal of plaintiff's Fourth Amendment claim does nothing to abridge his ability to remedy the seizure of his property by way of "state tort and common-law remedies" or other legal sources of redress.  *See id.* (holding that lack of privacy interest in cell does not "mean that prison attendants can ride roughshod over inmates' property rights with impunity.")

7

1        *ii.    Retaliation*

2        "The First Amendment guarantees a prisoner a right to seek redress of grievances from

3   prison authorities as well as a right of meaningful access to the courts." *Jones v. Williams*, 791

4   F.3d 1023, 1035 (9th Cir. 2015); *see also Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir.

5   2005). "Retaliation against prisoners for their exercise of this right is itself a constitutional

6   violation, and prohibited as a matter of 'clearly established law.'" *Brodheim v. Cry*, 584 F.3d

7   1262, 1269 (9th Cir. 2009) (citing *Rhodes*, 408 F.3d at 567 and *Pratt v. Rowland*, 65 F.3d 802,

8   806 & n.4 (9th Cir. 1995)). There are five basic elements for a viable claim of First Amendment

9   retaliation in the prison context: (1) An assertion that a state actor took some adverse action

10  against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4)

11  chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably

12  advance a legitimate correctional goal. *Brodheim*, 584 F.3d at 1269 (quoting *Rhodes*, 408 F.3d at

13  567-68).

14       Plaintiff's claim against John Doe satisfies the first three elements of a retaliation claim.

15  He alleges that John Doe confiscated a draft of his federal complaint because of his prior

16  litigation and grievance history against Nevada and NDOC officials.   (ECF No. 1-1 at 8.)

17  Additionally, he states that John Doe's actions "did not appear to advance legitimate correctional

18  goals, or were not narrowly tailored to meet those goals." (*Id.*) However, it is not clear that John

19  Doe's actions chilled plaintiff's exercise of his First Amendment right to lodge his complaint. He

20  makes no mention of the duration of the seizure — whether permanent or temporary — and he

21  does not explain how the deprivation of his draft complaint affected his recourse to the courts. In

22  light of this opacity, plaintiff's retaliation claim against John Doe should be dismissed without

23  prejudice, with leave to amend to provide plaintiff the opportunity to clarify what chilling effect,

24  if any, John Doe's actions had on plaintiff's exercise of his First Amendment rights.

25       *iii.    Right of Access to Courts*

26       Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S.

27  343, 346 (1996). To prevail on such a claim, a prisoner must demonstrate that the interference

28  was done intentionally and with an improper motive, *see Smith v. Maschner*, 899 F.2d 940, 944

1  (10th Cir. 1990), and that the prisoner suffered an "actual injury" as a result. *See Lewis*, 518 U.S.

2  at 349 (clarifying that actual injury requirement flows from standing requirement and therefore

3  cannot be waived). An "actual injury" is "actual prejudice with respect to contemplated or

4  existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at

5  348 (citation and internal quotation marks omitted). Even where a prisoner suffers actual injury,

6  it is "not of constitutional significance" if the conduct complained of is the "product of prison

7  regulations reasonably related to legitimate penological interests." *Lewis*, 518 U.S. at 362.

8       Plaintiff does not adequately allege that John Doe intentionally interfered with his access

9  to courts. While plaintiff declares that John Doe "sought to impede plaintiff's lawful right to

10  access courts," he does not indicate whether John Doe succeeded in thwarting his complaint. Nor

11  is it clear that plaintiff's complaint was prejudiced in any manner. *See Alvarez v. Hill*, 518 F.3d

12  1152, 1155 n.1 (9th Cir. 2008) (explaining that "[f]ailure to show that a 'non-frivolous legal claim

13  ha[s] been frustrated' is fatal" to a claim for denial of access to legal materials) (citing *Lewis*, 518

14  U.S. at 353 & n.4). To the contrary, plaintiff's ambiguous description of the purloined complaint

15  leads only to the inference that it was either a draft of his complaint in the instant case, or

16  possibly a draft of a separate civil rights complaint pending before this court, *Surrell v. County of*

17  *Washoe, et al.*, No. 3:17-cv-00270-RCJ-VPC (D. Nev. Arp. 28, 2017) (ECF No. 1). (*See* ECF

18  No. 1-1 at 8.)    In the interest of fairness, the court will forego this unfavorable inference and

19  recommend that plaintiff's access to courts claim be dismissed without prejudice, with leave to

20  amend to allow plaintiff to clarify the actual injury he suffered. *See Pena v. Gardner*, 976 F.2d

21  469, 471 (9th Cir. 1992) (a liberal construction may not be used to supply an essential element of

22  the claim not initially pled).

23                              **IV.   CONCLUSION**

24       For the reasons articulated above, the court finds that the State of Nevada is not amenable

25  to suit. On this basis, plaintiff is unable to bring an action for damages against the Nevada

26  Attorney General for actions taken in his official capacity. The court recommends that the claims

27  brought against these defendants be dismissed with prejudice. Additionally, plaintiff's Count I

28  and Count II claims are barred in their entirety by the *Heck* doctrine and should be dismissed

1  without prejudice.  Finally, the court finds that Count III presents three separate claims against

2  John Doe that require dismissal.  The court recommends that plaintiff's Fourth Amendment claim

3  be dismissed with prejudice because he lacks a privacy interest in his cell.  However, plaintiff's

4  First Amendment retaliation claim and his access to courts claim should both be dismissed

5  without prejudice, with leave to amend to provide plaintiff with the opportunity to correct the

6  deficiencies outlined above.

7  The parties are advised:

8  1.      Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of

9  Practice, the parties may file specific written objections to this Report and Recommendation

10  within fourteen days of receipt.  These objections should be entitled "Objections to Magistrate

11  Judge's Report and Recommendation" and should be accompanied by points and authorities for

12  consideration by the District Court.

13  2.      This Report and Recommendation is not an appealable order and any notice of

14  appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of judgment.

15  ## V.    RECOMMENDATION

16  **IT IS THEREFORE RECOMMENDED** that plaintiff's applications to proceed *in*

17  *forma pauperis* (ECF No. 1) be **GRANTED**;

18  **IT IS FURTHER RECOMMENDED** that the Clerk **FILE** plaintiff's complaint (ECF

19  No. 1-1);

20  **IT IS FURTHER RECOMMENDED** that the claims against the State of Nevada be

21  **DISMISSED WITH PREJUDICE**;

22  **IT IS FURTHER RECOMMENDED** that the claims for damages brought against the

23  Nevada Attorney General in his official capacity be **DISMISSED WITH PREJUDICE**;

24  **IT IS FURTHER RECOMMENDED** that the complaint be **DISMISSED WITHOUT**

25  **PREJUDICE, WITHOUT LEAVE TO AMEND** as to **COUNT I and COUNT II** against all

26  defendants;

27  **IT IS FURTHER RECOMMENDED** that plaintiff's **COUNT III FOURTH**

28  **AMENDMENT CLAIM** be **DISMISSED WITH PREJUDICE;**

1   **IT IS FURTHER RECOMMENDED** that plaintiff's **FIRST AMENDMENT**

2   **RETALIATION CLAIM** be **DISMISSED WITHOUT PREJUDICE, WITH LEAVE TO**

3   **AMEND;**

4   **IT IS FURTHER RECOMMENDED** that plaintiff's **RIGHT OF ACCESS TO**

5   **COURTS CLAIM** be **DISMISSED WITHOUT PREJUDICE, WITH LEAVE TO AMEND;**

6   **IT IS FURTHER ORDERED** that plaintiff shall have **thirty (30) days** from the date that

7   this order is entered to file an amended complaint remedying, if possible, the defects identified

8   above.  The amended complaint must be a complete document in and of itself, and will supersede

9   the original complaint in its entirety.  Any allegations, parties, or requests for relief from prior

10  papers that are not carried forward in the amended complaint will no longer be before the court.

11  Plaintiff is advised that if he does not file an amended complaint within the specified time period,

12  the court will recommend dismissal of his complaint WITH PREJUDICE.  Plaintiff shall clearly

13  title the amended complaint by placing the words "FIRST AMENDED" immediately above

14  "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff

15  shall place the case number, 3:17-cv-00482-MMD-VPC, above the words "FIRST AMENDED

16  COMPLAINT."

17  **DATED**: March 19, 2018.

18  _____

19  **UNITED STATES MAGISTRATE JUDGE**

20

21

22

23

24

25

26

27

28

11