UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| ALVON SHONEER SURRELL, SR., | Case No. 3:17-cv-00482-MMD-VPC |
|---|---|
| Plaintiff, | ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE VALERIE P. COOKE |
| v. | |
| STATE OF NEVADA, *et. al.*, | |
| Defendants. | |

Before the Court is the Report and Recommendation of United States Magistrate Judge Valerie P. Cooke (ECF No. 6) ("R&R") relating to Plaintiff's application to proceed *in forma pauperis* ("IFP") (ECF No. 1) and *pro se* complaint (ECF No. 1-1). The Court has reviewed Plaintiff's objection to the R&R. (ECF No. 7.) For the reasons discussed herein, the Court overrules Plaintiff's objection and adopts the R&R.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1123 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and

recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

The R&R recommends granting the IFP. (ECF No. 6 at 1.) Plaintiff does not object. The Court will adopt the R&R's recommendation and will grant Plaintiff's IFP.

The R&R recommends dismissing claims against the State of Nevada and Washoe County because the State of Nevada cannot be sued under 42 U.S.C. § 1983, and claims against Washoe County because there are no allegations that Plaintiff suffered constitutional deprivation as a result of Washoe County's policy or custom. (*Id.* at 4-5.) Plaintiff does not appear to object. Nevertheless, the Court agrees with Judge Cooke.

Finally, the R&R recommends dismissing (1) the claims in Counts I and II based primarily on the alleged wrongful conduct of Plaintiff's defense counsel—deputy public defender Jessica Longley—in connection with her representation of Plaintiff in two criminal cases; and (2) the claims in Count III relating to (a) a search conducted in violation of the Fourth Amendment, (b) retaliation in violation of the First Amendment with leave to amend and (c) denial of the right of access to courts in violation of the First Amendment with leave to amend. (*Id.* at 5-9.) Judge Cooke found that the claims in Counts I and II are barred under *Heck v. Humphrey,* 512 U.S. 477 (1994), and, even assuming one of the criminal cases has not concluded,[1] the Court should abstain to avoid interfering with the state prosecution. (*Id.* at 5-6.)

///

---

[1] Based on the docket for case number CR16-1240, the case has not concluded. *See* https://www.washoecourts.com/Query/CaseInformation/CR16-1240 (last accessed July 17, 2018).

2

1 | In *Heck*, the Supreme Court held that "in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486-87. "A claim for damages bearing that relationship to a conviction or sentence that has not been . . . invalidated is not cognizable under § 1983." *Id.* at 487. Moreover, the *Heck* doctrine applies to cases where criminal charges are pending. *Harvey v. Waldron*, 210 F.3d 1008, 1015 (9th Cir. 2000) ("a § 1983 Fourth Amendment claim alleging illegal search and seizure does not accrue under *Heck* until the criminal charges have been dismissed"), *overruled in part on other grounds by Wallace v. Kato,* 549 U.S. 384, 393-394 (2007).

Plaintiff's objection contends that he has stated claims against Longley and focused again on her alleged wrongful conduct. However, the Court agrees with Judge Cooke that claims against Longley cannot proceed under *Heck* unless the underlying conviction in case number CR16-1245 has been set aside. To the extent Plaintiff's claims are based on Longley's alleged conduct in the on-going criminal case—CR 16-1240—*Heck* applies to bar Plaintiff's claims while the criminal charges are pending.

Plaintiff also argues why he has stated a claim in Count III. Again, the Court agrees with Judge Cooke that his allegations fail to state a claim.

It is therefore ordered that the Report and Recommendation of Magistrate Judge Valerie P. Cooke (ECF No. 6) is accepted and adopted in its entirety.

It is further ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is granted. Pursuant to 28 U.S.C. § 1915(b)(2), the Sacramento County Jail must pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits from the account of Alvon Surrell, # 3955853 (in months that

1  the account exceeds $10.00) until the full $350.00 filing fee had been paid for this action. If plaintiff should be transferred to another correctional facility, the Sacramento County Jail Accounting Supervisor (or its equivalent) must send a copy of this order to the new facility incdicating the amount that Plaintiff has paid towards his filing fee, so that funds may continue to be deducted from Plaintiff's account. The Clerk is directed to send a copy of this order to the Jail Accounting Supervisory (or its equivalent) at Sacramento County Jail, 651 I Street, Sacramento, CA 95814.

It is further ordered that the Clerk file Plaintiff's complaint (ECF No. 1-1.)

It is further ordered that claims against the State of Nevada and the claims for damages against Nevada Attorney General in his official capacity be dismissed with prejudice. The claims in Counts I and II are dismissed against all defendants (including Longley, Washoe County and Washoe County District Attorney's Office) without prejudice and without leave to amend. The Fourth Amendment claim in Count III is dismissed with prejudice. The First Amendment retaliation claim and access to courts claims in Count III against John Doe are dismissed without prejudice and with leave to amend. Accordingly, Plaintiff is granted leave to amend the two aforementioned claims in Count III against John Doe.

It is further ordered that that Plaintiff will have thirty (30) days from the date of this order to file an amended complaint remedying, if possible, the defects identified in the R&R with respect to the two claims in Count III. The amended complaint must be a complete document in and of itself, and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court. Plaintiff is advised that if he does not file an amended complaint within the specified time period, the Court will dismiss the claims in Count III with prejudice. Plaintiff must clearly title the amended complaint by placing the words "FIRST AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff

///

4

must place the case number, 3:17-cv-00482-MMD-VPC, above the words "FIRST AMENDED COMPLAINT."

DATED THIS 18th day of July 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE